UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BURRIOLA,<br><br>                        Plaintiff,<br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                        Defendants. | Case No. 2:19-cv-01936-RFB-NJK<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 14) |

       Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 6, 14). The Court grants the application to proceed *in forma pauperis* and screens Plaintiff's FAC pursuant to 28 U.S.C. § 1915A.

**I.    IN FORMA PAUPERIS APPLICATION**

       Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 6). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

       Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.     PROCEDURAL HISTORY

On October 12, 2020, this Court screened Plaintiff's original complaint and dismissed that complaint in its entirety with leave to amend. (ECF No. 12). In the original complaint, Plaintiff alleged violations of due process; cruel and unusual punishment; equal protection; violations of supreme, international, and treaty laws; and violations of the Uniform Commercial Code ("UCC"). (ECF No. 13 at 4). The Court dismissed the claims as follows: the UCC claim with prejudice; the supreme, international, and treaty law claims without prejudice because the Court did not understand what type of claim

Plaintiff was trying to raise; the Eighth Amendment claim without prejudice; the Fourteenth Amendment due process claim with prejudice as amendment would be futile because Plaintiff could not establish a liberty interest in parole or parole eligibility in Nevada; and the Fourteenth Amendment equal protection claim without prejudice. (*Id.* at 4-5). The Court granted Plaintiff leave to amend. (*Id.* at 5). The Court now screens Plaintiff's FAC (ECF No. 14).

## IV. SCREENING OF FAC

In the FAC, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Nevada State Prison, Northern Nevada Correctional Center ("NNCC"), and Ely State Prison ("ESP"). (ECF No. 14 at 2). Plaintiff sues Defendants NDOC Director Charles Daniels, NNCC Warden Perry Russell, Nevada Attorney General Aaron Ford, and Governor Steve Sisolak. (*Id.* at 3-4). Plaintiff brings one claim and seeks injunctive and monetary relief.[1] (*Id.* at 5, 12).

Although the FAC is not the model of clarity, Plaintiff appears to be alleging the following: Plaintiff's presentence investigation report ("PSI") contains fraudulent and fabricated convictions. (*Id.* at 5). Plaintiff's judgment of conviction is a contract which provides that Plaintiff shall be considered for parole once he serves 10 years for each conviction. (*Id.*) This is binding. (*Id.*) Although there is no right to parole under Nevada "public law," Plaintiff has a contractual right for consideration and a right to the use of accurate and truthful records. (*Id.*) Defendants have violated their fiduciary duties because the parole board listed a fraudulent conviction on Plaintiff's PSI and added that conviction to the risk assessment document. (*Id.*)

Plaintiff alleges violations of the Eighth Amendment, human rights treaties, declaration of rights and duties to man, a United Nations declaration, and the convention against torture. (*Id.* at 5).

---

[1] Apollyon A. Abaddan helped Plaintiff prepare the FAC. (ECF No. 14 at 12).

### A.   Eighth Amendment

To state an Eighth Amendment cruel and unusual punishment claim for detaining a person beyond the termination of his or her sentence, the plaintiff must demonstrate that the detention was the result of deliberate indifference to the prisoner's liberty interest or that the detention violated due process. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The Court finds that Plaintiff fails to allege a colorable cruel and unusual punishment claim. As discussed in the original screening order, Plaintiff does not have liberty interest in parole or parole eligibility and, thus, he cannot demonstrate deliberate indifference to his "liberty interest." (*See* ECF No. 12 at 4). Additionally, Plaintiff cannot establish a liberty interest in parole consideration.[2] Moreover, Plaintiff was not held beyond the termination of his sentence but instead argues that he was not considered for parole or not considered for parole fairly. Accordingly, this claim is dismissed with prejudice as amendment would be futile.

### B.   Treaties

It is difficult to decipher Plaintiff's treaty arguments, but it appears that Plaintiff is arguing that Defendants are keeping Plaintiff falsely imprisoned. In his treaty arguments, Plaintiff argues that fraudulent criminal convictions are prohibited, prison officials are using fraudulent documents, there is a prohibition against punishing someone for the acts of someone else, and prison officials are trespassing upon Plaintiff. (ECF No. 14 at 6-7). Plaintiff cites to the Universal Declaration of Human Rights; American Declaration of the Rights and Duties of Man; U.N. Declaration on Decolonization; the Convention Against

---

[2]   In *Anselmo v. Bisbee*, 396 P.3d 848 (Nev. 2017), the Nevada Supreme Court recognized that eligible Nevada inmates do have a state *statutory* right to have the parole board's internal guidelines concerning aggravating factors interpreted correctly when the parole board is determining whether to grant or deny them parole. *Id.* at 849-51. However, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (holding that "a 'mere error of state law' is not a denial of due process").

Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"); and a private attorney general doctrine. (*Id.* at 6-7).

The Court dismisses Plaintiff's treaty claims with prejudice as amendment would be futile.[3] First, the Universal Declaration of Human Rights is a statement of principles and does not impose legal obligations or provide a private right of action in civil suits. *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004); *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009) (holding that the Universal Declaration of Human Rights provides no private right of action).

Second, the American Declaration of the Rights and Duties of Man ("American Declaration") is not a treaty and is not enforceable domestically. *Flores-Nova v. Att'y Gen. of U.S.*, 652 F.3d 488, 494–95 (3d Cir. 2011). "In the best sense, the American Declaration, adopted by United States and twenty other original [Organization of American States ("OAS")] member states at the Ninth International Conference of American States in Bogotá, Colombia in 1948, represents a noble statement of the human rights aspirations of the American States, but creates no binding set of obligations." *Id.*

Third, with respect to the U.N. Declaration on Decolonization, Plaintiff argues that he is his own "sovereign citizen" and a "secured party creditor," and that this treaty ensures his right to seek and obtain freedom. (ECF No. 14 at 6-7). The Court rejects this argument because "sovereign citizens" are subject to the laws of this jurisdiction. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (holding that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *Clarke v. Allen*, No. 3:17-CV-00582-MMD-WGC, 2020 WL 3510921, at *1 (D. Nev. June 29, 2020) (rejecting the plaintiff's sovereign citizen theories).

Fourth, with respect to the CAT, Plaintiff is arguing that he is being punished for the acts of someone else. (ECF No. 14 at 7). The Court rejects this argument because Plaintiff is attempting to challenge the validity of his sentence. If Plaintiff seeks to

---

[3] To the extent that some of Plaintiff's claims lie in habeas, those claims are dismissed without prejudice but without leave to amend in this case.

challenge his conviction, he must pursue that claim in habeas.  See *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

Finally, Plaintiff alleges that Attorney General Ford is illegally trespassing on prisoners. (ECF No. 14 at 7).  The Court interprets this allegation as asserting that Plaintiff is being incarcerated illegally.  The Court rejects this argument because Plaintiff appears to be challenging the validity of his sentence or confinement.  If Plaintiff seeks to challenge the validity of his sentence or confinement, he must pursue that claim in habeas.

## V.    CONCLUSION

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) without having to prepay the full filing fee is **granted**.  Plaintiff will **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Anthony Burriola, #61171** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that the FAC (ECF No. 14) is the operative complaint.

It is further ordered that the FAC (ECF No. 14) is dismissed in its entirety with prejudice, as amendment would be futile, for failure to state a claim.[4]

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court is directed to close the case and enter judgment accordingly.

DATED THIS 21st day of October, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[4] However, to the extent that Plaintiff is raising habeas issues, those claims are dismissed without prejudice but without leave to amend in this case.